**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| ATHEA BROWN, | : | |
|    Petitioner, | : | CIVIL ACTION NO. |
| | : | 1:07-CV-2843-RWS |
| v. | : | |
| | : | HABEAS CORPUS |
| STATE OF GEORGIA, | : | 28 U.S.C. § 2441 |
|    Respondent. | : | |

## **ORDER**

Petitioner, an inmate at the Barrow County Detention Center ("BCDC") in Winder, Georgia, has filed the instant habeas corpus action without paying the filing fee. For the purpose of dismissal only, leave to proceed <u>in forma pauperis</u> is hereby granted, and this matter is now before the Court for consideration of the Petition, [Doc. 1], pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (hereinafter "Rule 4").[1]

## **Rule 4**

Rule 4 requires this Court to "promptly examine" habeas corpus petitions and to order summary dismissal of a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Federal district courts are mandated by Rule 4 to prescreen and dismiss a frivolous habeas petition prior to any answer or other pleading by the state when the petition

---

[1] Pursuant to Rule 1(b), the Rules Governing Section 2254 Cases also apply to habeas actions brought pursuant to § 2241.

"appears legally insufficient on its face." McFarland v. Scott, 512 U.S. 849, 856 (1994). Thus, Rule 4 explicitly requires a district court to dismiss summarily a petition on the merits when no claim for relief is stated. This power is rooted in "the duty of the court [under 28 U.S.C. § 2243] to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." 28 U.S.C. foll. § 2254, Rule 4 Advisory Committee's Note. Rule 4 requires this Court to order summary dismissal of an application for habeas corpus "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Federal district courts have the authority under Rule 4 to prescreen and dismiss a frivolous habeas petition prior to any answer or other pleading by the state when the petition "appears legally insufficient on its face." McFarland v. Scott, 512 U.S. 849, 856, 114 S. Ct. 2568, 2572, 129 L. Ed. 2d 666 (1994). Thus, Rule 4 explicitly allows a district court to dismiss summarily a petition on the merits when no claim for relief is stated. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." 28 U.S.C. foll. § 2254, Rule 4 Advisory Committee's Note.

## Petitioner's Claims

Petitioner is a pretrial detainee. She does not state when she was arrested, but she claims that her arrest was for charges that were brought in April, 2003, and

according to Petitioner, the applicable statute of limitations expired prior to her arrest. For relief, Petitioner seeks release from jail.

## **Discussion**

To the degree that Petitioner seeks habeas corpus relief regarding her pending criminal action, the petition is premature as this Court is precluded from interfering with the pending state prosecution. The Supreme Court in Younger v. Harris, 401 U.S. 37 (1971), "held that except in extraordinary circumstances, a federal court must abstain from deciding issues implicated in an ongoing criminal proceeding in state court." Thompson v. Wainwright, 714 F.2d 1495, 1503 (11th Cir. 1983). If the relief sought would disrupt the state criminal proceeding, it is generally prohibited by the Younger doctrine.

Extraordinary circumstances may justify intervention where a petitioner alleges great, immediate and irreparable injury or flagrant violation of an express constitutional prohibition. See Younger, 401 U.S. at 46. However, Petitioner has not made such an allegation. Even if Petitioner could establish a technically cognizable claim, before she could bring such an action in this Court, she must first exhaust her state court remedies which she has not done. Georgia law provides for a habeas corpus application which states: "Any person restrained of his liberty under any pretext whatsoever, except under sentence of a state court of record, may seek a writ of habeas corpus to inquire into the legality of the restraint." O.C.G.A. § 9-14-1(a). Petitioner

has made no showing or argument that she has pursued a petition for a writ of habeas corpus in state court or that the available state process is ineffective to protect her rights.  So long as review is available in the Georgia courts, "this Court is precluded from the consideration of the substance of [Petitioner's claims] until the issues have been squarely and fairly presented to the Georgia courts for their consideration." Fields v. Tankersley, 487 F. Supp. 1389, 1391 (S.D. Ga. 1980).

## Conclusion

As this Court finds that it is prohibited by the Younger doctrine from granting the relief sought in the petition and that Petitioner has not exhausted her state court remedies,

**IT IS HEREBY ORDERED** that the instant action is **DISMISSED** without prejudice pursuant to Rule 4.

**IT IS SO ORDERED,** this  24th  day of December, 2007.

_Richard W. Story_
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE